UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAM UPSHAW, CDCR #V-39102,<br><br>                        Plaintiff,<br><br>vs.<br><br>DOCTOR JOHN CHAU and WARDEN MARCUS POLLARD,<br><br>                        Defendants. | Case No.: 22cv0183-JO (BGS)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

### I. Background

Plaintiff John William Upshaw is a state prisoner proceeding pro se with a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff claims that while incarcerated at the R. J. Donovan Detention Facility ("RJD") in San Diego, California, Defendant Dr. Chau denied him medical care based on Plaintiff's history of drug addiction, and Defendant RJD Warden Pollard "allowed him to do so." (*Id.* at 3-5.)

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing. He has instead filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) Plaintiff separately submitted a copy of his inmate trust account statement. (ECF No. 3.)

## II. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1) & (4). The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). Prisoners remain obligated to pay the entire civil filing fee in monthly installments regardless of whether their action is ultimately dismissed. *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff's prison certificate shows he had an average monthly balance of $20.26 and average monthly deposits of $0.00 for the 6-months preceding the filing of this action, and an available balance of $0.00. (ECF No. 3 at 1.) The Court **GRANTS** Plaintiff's Motion to Proceed IFP and declines to impose an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because his prison certificate indicates he may have "no means to pay it." *See*

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.") Instead, the Court directs the Secretary of the CDCR, or her designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

### III. Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

#### A. Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009),

quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* at 678-79.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.  Allegations in the Complaint**

Plaintiff alleges that on March 11, 2020: "I fell off my upper bunk during a P.T.S.D. night terror and severely injured my left hip." (ECF No. 1 at 3.) He went to the RJD triage center complaining of severe pain where his hip was x-rayed. (*Id.*) "[They] said I was fine and made me walk ¼ mile or more back to my housing unit." (*Id.*) Plaintiff states he experienced severe pain and constantly sought medical attention "almost every week until September [2020]." (*Id.*) He alleges that:

> Despite my clear distress, the Doctor kept denying anything was wrong and he kept insisting that I was "chasing narcotics." Finally, in September (not sure of actual date) I literally got on my knees in a very de-humanizing fashion, and begged him with tears on my face to "please order an M.R.I. of my left hip so that you can help me." Finally upon seeing me debase myself in such a manner, Dr. Chau decided to order an expedited M.R.I. which showed an avulsion fracture on my upper trochanter, edema of bone marrow

> and a severe tear in my gluteus medius and gluteus minimus complex tendons. ... [¶] During the time of the afore listed injury and preceding six months of trying desperately to get relief from my severe pain and suffering, Dr. Chau repeatedly saw me in extreme pain and discomfort and kept filing reports that I showed little or no distress and that I was only "seeking narcotics."

(*Id.* at 3-4.)

Plaintiff alleges that for six months he was denied medical treatment necessary to diagnose and treat his obvious injury, including adequate medication for debilitating pain. (ECF No. 4.) He alleges that during that time Defendant Dr. Chau "repeatedly down played and discounted my pain and injury and it caused me six months of suffering." (*Id.*) He claims his Eighth Amendment right to be free from deliberate indifference to his serious medical needs was violated because: "Dr. Chau denied me proper medical treatment and Warden Pollard allowed him to do so." (*Id.* at 3.)

Plaintiff also claims a violation of his Fourteenth Amendment right to be free from "discrimination." (*Id.* at 5.) He alleges that Dr. Chau's "main reason for denying me any relief from pain or even taking my claim of severe injury seriously was the fact that in my past I've been plagued with the disease of addition. That is not a fair and adequate reason to deny me pain relief and adequate diagnostic care." (*Id.*)

Plaintiff seeks money damages and requests that "safety rails [be] put on all top bunks state wide to prevent further unnecessary injuries." (*Id.* at 7.)

C. **Analysis**

**1. Plaintiff states an Eighth Amendment Claim Against Dr. Chau**

The Complaint plausibly alleges an Eighth Amendment violation against Defendant Dr. Chau for deliberate indifference to a serious medical need. "In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014), quoting *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide

medical care.'" *Id.*, quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id.*, quoting *Wilson*, 501 U.S. at 302-03. A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The allegations in Plaintiff's Complaint of six months of pain and suffering arising from an injury to his hip plausibly allege a serious medical condition "sufficient to meet the low threshold for proceeding past the screening stage." *Wilhelm*, 680 F.3d at 1123; *see also Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994) ("[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain.")

Plaintiff has also plausibly alleged deliberate indifference to his serious medical needs by Dr. Chau. He alleges that for six months he reported severe pain and discomfort to Dr. Chau and begged him for help and for an MRI. When Dr. Chau finally ordered the MRI six months after the injury it showed severe damage to Plaintiff's hip. Plaintiff alleges that Dr. Chau refused him treatment for those six months and ignored his repeated reports of pain because he believed Plaintiff was seeking narcotics based on his history of drug addiction. Plaintiff has plausibly alleged Dr. Chau knew of and deliberately disregarded a serious medical need for treatment sufficient to survive the "low threshold" for screening. *See Wilhelm*, 680 F.3d at 1122 (holding that a prisoner plausibly alleges an Eighth

Amendment violation where a failure to treat a serious medical need "could result in further significant injury or the unnecessary and wanton infliction of pain" and "the defendant's response to the need was deliberately indifferent."), citing *Jett v. Penner*, 439 F.3d 1091, 1097-98 (9th Cir. 2006) (a six-month delay in providing needed medical treatment amounted to deliberate indifference); *Rosati v. Igbinoso*, 791 F.3d 1037, 1039-40 (9th Cir. 2015) (holding that deliberate indifference can be inferred from denial of medical care based on a blanket policy rather than an individualized informed medical judgment).

Plaintiff is entitled to have the U.S. Marshal effect service of the summons and his Complaint on his behalf against Defendant Dr. Chau. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.") Nevertheless, the Court cautions Plaintiff that the *sua sponte* screening process is "cumulative of, not a substitute for, any subsequent [motion to dismiss] that the defendant may choose to bring." *See Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007).

**2. Plaintiff does not state an Eighth Amendment Claim Against Warden Pollard**

The Complaint as drafted fails to plausibly allege an Eighth Amendment claim against Defendant RJD Warden Pollard for deliberate indifference to Plaintiff's serious medical needs. Plaintiff alleges Warden Pollard "was in charge of making sure that all inmates under his charge were given all they have a right to, including adequate health care." (ECF No. 1 at 2.) He alleges: "Dr. Chau denied me proper medical treatment and Warden Pollard allowed him to do so." (*Id.* at 3.)

Supervisory liability is not an independent cause of action under § 1983, and Plaintiff must allege both an underlying constitutional violation and a causal connection between the supervisor's actions and the violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a

7

sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'"), quoting *Hansen v. Black*, 855 F.2d 642, 646 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.")

There are no factual allegations in the Complaint which plausibly allege Defendant Warden Pollard was aware of facts from which he could draw an inference that Plaintiff faced a substantial risk of serious harm due to Dr. Chau's allegedly inadequate medical treatment, or that Warden Pollard actually drew such an inference. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Under [the Eighth Amendment's deliberate indifference] standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"), quoting *Farmer*, 511 U.S. at 837. As currently drafted, the Complaint fails to allege Warden Pollard was aware Plaintiff was injured or receiving a medically unacceptable course of treatment. Neither does the Complaint allege what actions Warden Pollard took, or was required to take but failed to take, which plausibly allege he was aware of and deliberately disregarded a substantial risk to Plaintiff's health. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.")

In order to cure this pleading defect against Defendant Warden Pollard, Plaintiff must set forth factual allegations which plausibly show Warden Pollard was aware that the course of treatment Dr. Chau chose "was medically unacceptable under the circumstances" and was aware it was chosen "in conscious disregard of an excessive risk to plaintiff's health." *Colwell*, 763 F.3d at 1068; *Leer*, 844 F.2d at 633 ("The inquiry into causation

must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."); *Starr*, 652 F.3d at 1208 ("A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.")

Accordingly, the Court *sua sponte* dismisses Plaintiff's Eighth Amendment claim against Defendant RJD Warden Pollard without prejudice based on a failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Iqbal,* 556 U.S. at 678.

### 2. Plaintiff does not state an Equal Protection Claim Against Dr. Chau

The Complaint fails to state an equal protection claim against Defendant Dr. Chau. Plaintiff claims that his Fourteenth Amendment right to be free from discrimination was violated because Dr. Chau's primary reason for denying medical care for six months was Plaintiff's history of narcotics addiction. (ECF No. 1 at 5.)

The Equal Protection Clause of the Fourteenth Amendment requires persons who are similarly situated to be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A plaintiff can state an equal protection claim by setting forth facts which plausibly allege a defendant intentionally discriminated against him or her based on his membership in a protected class. *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) ("Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status.")

To the extent Plaintiff claims he received different medical treatment than persons who are not incarcerated or who do not have a history of narcotics addiction, he has not alleged membership in a protected class. *See United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011) ("[N]either prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes."), quoting *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th

Cir. 1999); *see e.g. Faulkner v. Valenzuela*, 15cv01485-KJM-DB-P, 2017 WL 3190379, at *12 (E.D. Cal. July 27, 2017) ("[T]he court knows of [no authority] proposing that drug addicts are a protected class for equal rights protection purposes."), citing *Fields v. Legacy Health Sys.*, 413 F.3d 943, 955 (9th Cir. 2005) (identifying "race, alienage, national origin, [and] sex" as examples of characteristics protected by the Equal Protection Clause).

An equal protection claim can also be brought through a "class of one" claim, which requires a defendant to intentionally treat a plaintiff differently than similarly situated individuals without a rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 602 (2008) ("[W]hen it appears that an individual is being singled out by the government, the specter of arbitrary classification is fairly raised, and the Equal Protection Clause requires a 'rational basis for the difference in treatment.'"), quoting *Olech*, 528 U.S. at 564.

Plaintiff's allegation that he was singled out by Dr. Chau on the basis of his status as a person with a history of drug abuse does not plausibly allege a class of one equal protection claim because it is based on a classification. *See Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008) ("[T]he plaintiff in a 'class of one' case does not allege that the defendants discriminated against a *group* with whom she shares characteristics, but rather that the defendants simply harbor animus against her *in particular* and therefore treated her arbitrarily."), citing *N. Pacifica LLC v. City of Pacifica*, 526 F.2d 478, 486 (9th Cir. 2008) ("When an equal protection claim is premised on unique treatment rather than on a classification, the Supreme Court has described it as a 'class of one' claim.")

Accordingly, the Court *sua sponte* dismisses Plaintiff's Fourteenth Amendment equal protection claim against Defendant Dr. Chau without prejudice based on a failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Iqbal*, 556 U.S. at 678.

### D. Leave to Amend

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading to attempt to sufficiently allege an Eighth Amendment claim against Defendant Warden

Pollard and a Fourteenth Amendment claim against Defendant Dr. Chau. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### E. Plaintiff's Options

Because the Court has determined that Plaintiff's Eighth Amendment claim against Defendant Dr. Chau survives the *sua sponte* screening process but his remaining claims do not, it will give Plaintiff the opportunity to (1) notify the Court of his intent to proceed with the Eighth Amendment claim in his Complaint against Defendant Dr. Chau only; or (2) file a First Amended Complaint that attempts to correct the deficiencies of pleading identified in this Order. Plaintiff must choose one of those options within forty-five (45) days from the date this Order is filed. If Plaintiff notifies the Court he wishes to proceed only with his claims against Defendant Dr. Chau, the Court will issue an Order directing the U.S. Marshal to effect service of his Complaint on Defendant Dr. Chau and dismiss Defendant Pollard from this action.

## IV. Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). All payments should be clearly identified by the name and number assigned to this action.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4.     **DISMISSES** Plaintiff's Eighth Amendment claim against Defendant RJD Warden Pollard and his Fourteenth Amendment claim against Defendant Dr. Chau without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

5.     **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either (1) notify the Court of his intention to proceed with his Eighth Amendment claim against Defendant Dr. Chau only; or (2) file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint. Any Defendants not re-named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

**IT IS SO ORDERED.**

Dated: 3/1/22

Hon. Jinsook Ohta
United States District Judge