UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAM UPSHAW, CDCR #V-39102,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DOCTOR JOHN CHAU,<br><br>　　　　　　　　　　Defendant. | Case No.: 22cv0183-JO (BGS)<br><br>**ORDER DISMISSING DEFENDANT POLLARD AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS ON DEFENDANT DR. CHAU PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

## I.   Background

Plaintiff John William Upshaw, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff claims that while incarcerated at the R. J. Donovan Detention Facility ("RJD") in San Diego, California, Defendant Dr. Chau denied him medical care based on Plaintiff's history of drug addiction, and Defendant RJD Warden Pollard "allowed him to do so." (*Id*. at 3-5.)

On March 2, 2022, the Court granted Plaintiff leave to proceed *in forma pauperis* and screened his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (ECF No. 4.) The Court found that although the Complaint passed the low threshold of screening with respect to an Eighth Amendment claim against Defendant Dr. Chau, it failed to state

1

an equal protection claim against Dr. Chau or any claim against the only other Defendant, RJD Warden Pollard. (*Id.* at 5-10.) Plaintiff was provided with the option to either (1) notify the Court of his intent to proceed with his Eighth Amendment claim against Defendant Dr. Chau only; or (2) file a First Amended Complaint that attempts to correct the deficiencies of pleading identified in the Court's March 2, 2022, Order. (*Id.* at 11.) Plaintiff was instructed that if he notifies the Court he wishes to proceed only with his Eighth Amendment claim against Dr. Chau, the Court will issue an Order directing the U.S. Marshal to effect service of his Complaint on Dr. Chau and dismiss the equal protection claim against Dr. Chau and all claims against Defendant Pollard. (*Id.*)

On March 17, 2022, Plaintiff filed a notice of his intent to proceed with his Eighth Amendment claim against Dr. Chau only and to accept dismissal of his equal protection claim against Dr. Chau and all claims against Defendant Pollard. (ECF No. 5 at 1.)

## II.  Conclusion and Order

Accordingly, good cause appearing, the Court:

1.  **DISMISSES** all claims against all Defendants in Plaintiff's Complaint with the exception of Plaintiff's Eighth Amendment deliberate indifference to medical care claim against Defendant Dr. Chau as set forth in the Court's March 2, 2022, Order.

2.  **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) for Defendant Dr. Chau and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for this Defendant. The Clerk will provide Plaintiff with certified copies of his Complaint and the summons so that he may serve Defendant. Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return the form to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

3.  **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant Dr. Chau as directed by Plaintiff on the USM Form 285 provided to him.

All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendant, once served, to reply to Plaintiff's Complaint and any subsequent pleading within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening Defendants are required to respond).

5. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been served on Defendant or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant, or his counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated: 4/8/22

Hon. Jinsook Ohta
United States District Judge