UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John William UPSHAW,<br><br>                              Plaintiff,<br><br>v.<br><br>Dr. John CHAU,<br><br>                              Defendant. | Case No.:  22-cv-00183-JO-BGS<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>**[ECF No. 5]** |

Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff filed a letter in which he requested the appointment of counsel. (ECF No. 5.)  For the reasons set forth below, the request is **DENIED**.

**I.     BACKGROUND**

Plaintiff's Complaint asserted claims under the Eighth Amendment and Fourteenth Amendment against Dr. Chau and Warden Pollard.  (ECF No. 1.)  Complaint alleged that he was injured when he fell off the upper bunk and severely injured his left hip.  (*Id.* at 3.) The Triage Center allegedly told the Plaintiff that he was fine and made him walk back to his housing unit.  (*Id.*)  Plaintiff alleged that he complained every week from March 2020 until September 2020 of severe pain and discomfort and sought medical attention.  (*Id.*)

1

1  Plaintiff also alleged that despite being in clear distress, "the doctor kept denying anything was wrong and he kept insisting that [the Plaintiff] was 'chasing narcotics.'" (*Id.*) Plaintiff claimed that it was not until he begged on his knees that Dr. Chau ordered an expedited M.R.I., which Plaintiff alleged showed an injury. (*Id.*) Plaintiff indicated that Dr. Chau saw him in extreme pain, but still denied pain reliving medication adequate to handle his pain and denied medical treatment that would have diagnosed and treated his injury. (*Id.* at 4.) Plaintiff alleged that Dr. Chau repeatedly downplayed and discounted his pain and injury and it caused him months of suffering. (*Id.*) Plaintiff also alleged that Dr. Chau discriminated against him due to his past history with addiction. (*Id.* at 5.)

The Order granting Plaintiff's Motion to Proceed IFP and screening the Complaint dismissed Plaintiff's Fourteenth Amendment claim against Dr. Chau and Plaintiff's Eighth Amendment claim against Warden Pollard, but found the Eighth Amendment claim as to Dr. Chau sufficiently pled to survive *sua sponte* pre-answer screening. (ECF No. 4.) The Court gave the Plaintiff 45 days to either notify the Court that he will proceed only under his Eighth Amendment claim against Dr. Chau or file a First Amended Complaint correcting the deficiencies. (*Id.* at 11–12.)

On March 17, 2022, Plaintiff filed a letter informing the Court that he was planning on only pursuing his Eighth Amendment claim as to Dr. Chau and dropping his allegation against Warden Pollard. (ECF No. 5.) Further, Plaintiff requested that the Court appoint him an attorney because he is lost as to how to proceed with his case and really needs help. (*Id.*)

**II.     DISCUSSION**

Plaintiff has filed a letter in which he requested the appointment of counsel. (ECF No. 5.) Plaintiff requested that the Court "appoint [him] an attorney because [he is] lost as how to do this and [he] really need[s] help[.]" (*Id.* at 1.) Plaintiff did not provide any other reasons for why he needs counsel appointed.

///

///

### A.     Legal Standard

"[T]here is no constitutional right to appointed counsel for § 1983 claims[.]" *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions."). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*, 560 F.3d at 760 (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 760.

### B.     Analysis

Plaintiff has not shown exceptional circumstances warranting appointment of counsel. Plaintiff has demonstrated his ability to present both factual and legal arguments to the Court and appears to have a basic understanding of the legal process. For example, Plaintiff's Eighth Amendment claim against Dr. Chau was found to contain allegations sufficient to survive the *sua sponte* screening required by 28 U.S.C. §§1915(e)(2) and 1915A(b). (*See* ECF No. 4.)

Additionally, it does not appear that the legal issues involved are so complex that counsel is warranted at this stage of the proceedings. *See Wilbron v. Escalderon*, 789 F.2d 1328, 1331 (noting that, "[i]f all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). The challenges Plaintiff identifies are not unique to Plaintiff and could arguably be asserted by almost every prisoner. And, although the Court recognizes physical and mental health concerns might

under some circumstances warrant appointment of counsel, here, it is not at all clear that any of Plaintiff's asserted health concerns would impact his ability to purse his case.

As to his likelihood of success on the merits, as noted above, Plaintiff had some success at the pleading stage of this case, being allowed to proceed on his Eighth Amendment claim as to Dr. Chau. However, when his likelihood of success is considered in conjunction with his ability to articular his claims and the complexity of the issues involved, he has not shown exceptional circumstances justifying appointment of counsel at this time.

Accordingly, the Court **DENIES** Plaintiff's request for appointment of counsel. (ECF No. 5.)

### III.   CONCLUSION

Plaintiff's request for the appointment of counsel (ECF No. 5) is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 5, 2022

_____
Hon. Bernard G. Skomal
United States Magistrate Judge