UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John William UPSHAW,<br><br>                              Plaintiff,<br><br>v.<br><br>Dr. John CHAU,<br><br>                              Defendant. | Case No.: 22-cv-00183-JO-BGS<br><br>**ORDER DENYING MOTION TO OPPOSE DEFENDANT'S ATTORNEYS FROM CIRCUMVENTING THE COURT AND ACCESSING HIS CENTRAL AND HEALTHCARE FILE WITHOUT AN ORDER FROM THE COURT**<br><br>[ECF No. 13] |

Plaintiff's Motion to Oppose Defendant's Attorneys from Circumventing the Court and Accessing his Central File and Healthcare File Without an Order from the Court is currently before the Court. (ECF No. 13.) Plaintiff indicated that he received a letter from Defendant's Counsel that indicated that all proceedings should send all pleadings/documents to the address provided in the letter and that they will be accessing Plaintiff's central and healthcare file. (*Id.* at 1.) However, Plaintiff stated that he "never received anything from the courts stating that [the Defendant] sought the court's permission to do so." (*Id.*) Plaintiff requested that the court deny the Defendant's access until they seek proper permission from the courts to do so and he is notified. (*Id.*)

    Plaintiff attached the letter he received from Defendant's Counsel. (*Id.* at 2.) The letter indicated that "[c]opies of all pleadings, motions, or other documents required to be served upon this defendant must be served upon [Defendant's Counsel] at the above address in San Diego. Service at any other address is defective." (*Id.*) Further, the letter stated that "[u]nder section 3370(e) of Title 15 of the California Code of Regulations, this office will be requesting that the California Department of Corrections and Rehabilitation provide documents from your central file" and that "[i]f [Plaintiff] allege[d] any injury to [his] health, this office will also request documents from [his] unit health record." (*Id.*)

    Section 3370(e) of Title 15 of the California Code of Regulations provides that "[n]o case records file, unit health records, or component thereof shall be released to any agency or person outside the department, except for [. . .] the office of the attorney general [. . .] and as provided by applicable federal and state law." Courts have repeatedly held that this regulation supports the proposition that the Office of the Attorney General has access or control over documents contained within a prisoner plaintiff's central file, and has required defendants represented by the Office of the Attorney General to produce such documents in discovery. *See*, *e.g.*, *Steward v. Igbinosa*, No. 118CV00551AWIBAMPC, 2021 WL 3722943, at *1 (E.D. Cal. Aug. 2021); *Gann v. Kokor*, No. 118CV00084AWIBAMPC, 2018 WL 2183839, at *1 (E.D. Cal. May 2018), report and recommendation adopted, No. 118CV00084AWIBAMPC, 2018 WL 3129910 (E.D. Cal. June 2018); *Porter v. Jennings*, No. 1:10–cv–01811–AWI–DLB PC, 2012 WL 1434989, at *2 (E.D. Cal. Apr. 2012).

    Further, to the extent Plaintiff attempts to raise an issue regarding the confidentiality of his central file or health records, Plaintiff "do[es] not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them." *Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010). Plaintiff waived any right to privacy he may otherwise have maintained by putting his medical care at issue in this lawsuit. *See Steward*, 2021 WL 3722943, at *1 ("Plaintiff put his medical care at issue by bringing this lawsuit and therefore, waived any right to privacy he may otherwise have maintained."); *Gann*, 2018 WL 2183839, at *2 (same).

Based on the foregoing, Plaintiff's Motion to Oppose Defendant's Attorneys from Circumventing the Court and Accessing his Central File and Healthcare File Without an Order from the Court (ECF No. 13), is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 21, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge