1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John William UPSHAW,<br><br>                                    Plaintiff,<br><br>v.<br><br>Dr. John CHAU,<br><br>                                    Defendant. | Case No.:  22-cv-00183-JO-BGS<br><br>**ORDER:**<br><br>**(1) VACATING ENE/CMC;**<br><br>**(2) DENYING EX PARTE APPLICATION FOR CONTINUANCE OF EARLY NEUTRAL EVALUATION CONFERENCE (ECF No. 14) AS MOOT; AND**<br><br>**(3) ISSUING CMC ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Plaintiff John William Upshaw, currently incarcerated at CSP Los Angeles County Inmate's Housing located in Lancaster, California, is proceeding *pro se* and *in forma pauperis* in this civil rights action filed on February 7, 2022, pursuant to 42 U.S.C. § 1983. (*See* ECF Nos. 1, 4.)  On August 19, 2022, Defendant Dr. John Chau filed his Answer. (ECF No. 11.)  The case was initially set for an Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC").  (ECF No. 12.)  However, after reviewing the parties' settlement positions and Joint Discovery Plan, the Court determines that neither an ENE nor a CMC is needed in this case, pursuant to Civil Local Rule 16.1(e)(8).

Accordingly, the ENE/CMC scheduled for November 2, 2022 are **VACATED**. Thus, Defendant's Ex Parte Application for Continuance of Early Neutral Evaluation

Conference (ECF No. 14) is **DENIED AS MOOT**.  Further, the Court **ORDERS** as follows:

      1.     Defense counsel shall arrange a meeting with Plaintiff to prepare a deposition schedule so that discovery can be completed within the following deadlines.  This meeting may be conducted telephonically and must be completed by **November 21, 2022**.

      2.     **Deposition of Plaintiff:** Defendants are granted leave to take the deposition of Plaintiff pursuant to Federal Rule of Civil Procedure 30(a)(2)(B).  Defense counsel shall provide Plaintiff with notice of the date of the deposition in the form provided in Federal Rule of Civil Procedure 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to Plaintiff at least fifteen days prior to the scheduled date for the deposition**.** **PLAINTIFF SHALL TAKE NOTICE** that disagreement with any directive of security staff at the correctional facility at which the deposition is scheduled is not a ground on which Plaintiff may refuse to answer appropriate questions.  The failure of Plaintiff to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Federal Rule of Civil Procedure 37.  Objections made in good faith in accordance with governing rules are permitted.

      1.     Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **November 21, 2022**.

      2.     All fact discovery shall be completed by all parties by **February 21, 2023**.  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  **Counsel[1] shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).**  The Court

---

[1] References to obligations or requirements for "counsel" throughout this order apply to any unrepresented party unless otherwise specified.

22-cv-00183-JO-BGS

expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.   If the parties reach an impasse on any discovery issue, counsel shall follow the procedures outlined in the undersigned magistrate judge's Chambers Rules to raise the dispute. **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

3.    Discovery limits in the Federal Rules of Civil Procedure and Civil Local Rules, including Federal Rule of Civil Procedure 33(a)(1) and Civil Local Rules 33.1.a and 36.1.a shall apply.  Absent leave of Court to exceed these limits, the Court will not consider any discovery dispute arising from discovery requests in excess of these limits.

4.    The parties shall designate their respective experts in writing by **March 21, 2023**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **April 4, 2023**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

5.    By **May 4, 2023**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

6.    Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **May 18, 2023**.

7.    All expert discovery shall be completed by all parties by **June 16, 2023**.  The

22-cv-00183-JO-BGS

parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

8.     Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

9.     All other pretrial motions must be filed by **July 17, 2023**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

10.     A **TELEPHONIC** Mandatory Settlement Conference shall be conducted on **September 22, 2023** at **10:00 AM** before United States Magistrate Judge **Bernard G. Skomal**.  Counsel for Defendant with full settlement authority[2] shall appear telephonically and shall make arrangements for Plaintiff to appear telephonically.  Once all participants are on the line, counsel shall initiate the joint call to chambers.[3]

11.     Counsel shall submit confidential settlement briefs directly with chambers by **September 8, 2023**.[4]  The briefs must address the legal and factual issues in the case and should focus on issues most pertinent to settling the matter.  Briefs do not need to be filed

---

[2] The named Defendant is excused from appearing so long as the government attorney who participates in the ENE conference: (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

[3] To the extent a specific further order from the Court is required for Plaintiff to participate in the conference telephonically, the parties should file a Joint Motion.

[4] Pursuant to local and chambers rules, the efile_skomal@casd.uscourts.gov e-mail address is not to be utilized to communicate with the Court unless communications are specifically authorized by the Court. Here, for example, the Court is soliciting a lodgment of a settlement brief.

or served on opposing counsel.  The briefs must also include any prior settlement offer or demand, as well as the offer or demand the party will make at the MSC.  The Court will keep this information confidential unless the party authorizes the Court to share the information with opposing counsel.  **MSC briefs must be emailed to efile_Skomal@casd.uscourts.gov or mailed to the Clerk's Office with a notation that it is a Confidential Mandatory Settlement Conference Brief for Judge Skomal that should not be filed in the court docket**.

12.   If the trial will be a bench trial, Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **October 11, 2023**.  Counsel do not need to file Memoranda of Contentions of Fact and Law if the trial will be a jury trial.

13.   Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **October 11, 2023**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

14.   Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **October 18, 2023**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

15.   Counsel for defendant will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **October 25, 2023**, defendant's counsel must provide plaintiff with the proposed pretrial order for review and approval.  Plaintiff must communicate promptly with defendant's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt

22-cv-00183-JO-BGS

1   promptly to resolve their differences, if any, concerning the order.

2       16.     The Proposed Final Pretrial Conference Order, including objections to any

3   other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and

4   lodged with the assigned district judge by **November 1, 2023**, and shall be in the form

5   prescribed in and comply with Local Rule 16.1(f)(6).

6       17.     The final Pretrial Conference is scheduled on the calendar of the **Honorable**

7   **Jinsook Ohta** on **November 8, 2023** at **8:30 AM**.

8       18.     The parties must review the chambers' rules for the assigned magistrate judge.

9       19.     A post trial settlement conference before a magistrate judge may be held

10  within 30 days of verdict in the case.

11      20.     The dates and times set forth herein will not be modified except for good cause

12  shown.

13      21.     Briefs or memoranda in support of or in opposition to any pending motion

14  shall not exceed twenty-five (25) pages in length without leave of a district court judge.

15  No reply memorandum shall exceed ten (10) pages without leave of a district court judge.

16  Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents

17  and a table of authorities cited.

18      22.     Plaintiff's counsel shall serve a copy of this order on all parties that enter this

19  case hereafter.

20      **IT IS SO ORDERED.**

21  Dated:  October 21, 2022

22

23                          Hon. Bernard G. Skomal
                            United States Magistrate Judge
24

25

26

27

28

# HONORABLE BERNARD G. SKOMAL
## U.S. MAGISTRATE JUDGE
## CHAMBERS' RULES

**Please Note:** Counsel and *pro se* litigants are expected to comply with the procedures set forth below. However, **the Court may vary these procedures by Court order as appropriate in any case**. Except as set forth below, counsel and *pro se* litigants are expected to comply with the Local Rules of Practice for the United States District Court for the Southern District of California ("Local Rules") and the Electronic Case Filing Administrative Policies and Procedures Manual ("ECF Manual"). Litigants should familiarize themselves with the Local Rules and the ECF Manual, which are available on the District Court's website.

## I. COMMUNICATIONS WITH CHAMBERS

A. **Code of Conduct.** Counsel are directed to review and be familiar with Civil Local Rule 83.4. This Court will hold counsel to the standards set forth in the rule and will enforce the standards through sanctions or disciplinary action as provided in Civil Local Rules 83.1 and 83.5.

B. **Letters, faxes, or emails**. Letters, faxes, or emails to chambers are not permitted unless specifically requested by the Court. If letters, faxes, or emails are requested, copies of the same must be simultaneously delivered to all counsel. Copies of correspondence between counsel should not be sent to the Court. Unauthorized correspondence will be rejected.

C. **Telephone Calls.** Telephone calls to chambers are permitted only for matters such as calendaring or addressing discovery disputes. **Court personnel are prohibited from giving legal advice or discussing the merits of a case on an ex parte basis.** When calling chambers, be prepared to identify your case number. Before contacting chambers, make sure to closely read all orders issued in the case, as well as review the Local Rules and CM/ECF Administrative Policies and Procedures Manual and only call if those resources do not provide an answer to your inquiry.

D. **Conference Calls.** When an order, minute order, or other notice from the Court directs you to "coordinate and initiate the conference call," the initiating party should make arrangements for all call participants to be on the phone and then should call chambers at the time set for the call. The Court cannot advise you on how to coordinate the conference or a particular conferencing service to use.

E. **Lodging Documents.** When an order directs you to "lodge" documents with chambers (usually your ENE and MSC statements), you must email it to: efile_Skomal@casd.uscourts.gov.

F. **Courtesy Copies.** Courtesy copies of filings exceeding 20 pages must be submitted to chambers via the Clerk's office. Unless expressly required by the Court, courtesy copies must be identical to the electronically-filed documents. The pages of each pleading must be firmly bound and must be 2-hole punched at the top. If a pleading or settlement brief has exhibits, the exhibits must be tabbed.

## II. SETTLEMENT CONFERENCES

A. **Confidential Briefs.** The order setting the ENE or Mandatory Settlement Conference ("MSC") will direct the parties to file confidential briefs on a certain date two weeks prior to the conference. This is a requirement and failure to timely submit the brief constitutes a violation of a court order.

The parties must directly submit to Judge Skomal's chambers a confidential ENE or MSC Statement, which outlines the nature of the case, the claims, the defenses, and the parties' demands and offers of settlement, including the settlement relief that the party is willing to accept at the conference. If a specific demand or offer cannot be made at the time the brief is submitted, then the reasons as to why a demand or offer cannot be made must be stated, and the party must also explain when they will be in a position to state a demand or offer. General statements such as a party will "negotiate in good faith" is not a specific demand or offer.

MSC briefs must not merely repeat what was contained in the ENE brief or any earlier settlement brief. MSC briefs must specifically identify what the discovery process revealed and the effect that the evidence has on the issues in the case. To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits to the brief. Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.

The briefs must be e-mailed to: efile_Skomal@casd.uscourts.gov. **If the brief, including exhibits, exceeds 20 pages, a courtesy copy must be delivered the same day the brief is due, and must be delivered to Judge Skomal's Chambers via the Clerk's office.**

B. **Re-Scheduling the Conference.** Counsel seeking to reschedule an ENE or other settlement conference must confer with opposing counsel prior to making the request. Such requests may be made by filing a joint motion. At the time the request is filed, a proposed Order must also be submitted in Word or WordPerfect format to efile_Skomal@casd.uscourts.gov. Requests should be made as soon as counsel is aware of the circumstances that warrant rescheduling the conference. Requests to continue an ENE or other settlement conference based on preexisting scheduling conflicts should be raised within 10 days of the Court's issuance of the order setting the conference.

If the other party will not agree to reschedule the conference, counsel for both parties must jointly call chambers and present the dispute to the research attorney assigned to the case.

C. **Required Presence at the Conference.** Unless the order setting the ENE or MSC states otherwise, the Court generally requires all named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement to appear in person at the ENE and settlement conferences. The Court will consider requests to excuse a required party from personally appearing upon a showing of good cause. If counsel wishes to request that a required party be excused from personally appearing, they must confer with opposing counsel prior to making the request. Such requests may then be made by filing a joint motion, or if the other side will not agree to the exclusion, the party seeking relief may file an ex parte application setting forth the good cause for the excuse. At the time the request is filed, a proposed Order must also be submitted in Word or WordPerfect format to efile_Skomal@casd.uscourts.gov.

D. **Settlement Prior to the Conference.** If the case is settled in its entirety before the scheduled date of the scheduled settlement conference, counsel must either (1) file a Joint Motion to Dismiss at

8

least 24 hours before the conference; (2) file a Notice of Settlement at least 24 hours before the conference that includes the electronic signatures of counsel for all settling parties and states a date the Joint Motion to Dismiss will be filed; (3) if the matter settles less than 24 hours before the conference, counsel must jointly call Judge Skomal's chambers as soon as possible and receive permission not to appear in court. If the above protocol is not followed and the parties fail to appear at the scheduled conference, the Court may impose sanctions.

## III.   CASE MANAGEMENT

A. **Case Management Conferences ("CMC").** The Court conducts its CMCs at the ENE. If the Court decides to conduct it telephonically, Plaintiff's counsel coordinates and initiates all conference calls.

B. **Discovery Plans.** The parties are required to file a Joint Discovery Plan at least two weeks before the scheduled CMC. The plan must be one document and must explicitly cover the parties views and proposals for each item identified in Fed. R. Civ. P. 26(f)(3). In addition, Judge Skomal requires the discovery plan to identify whether the parties will consent to jurisdiction of a Magistrate Judge. Agreements made in the Discovery Plan will be treated as binding stipulations that are effectively incorporated into the Court's Case Management Order.

In cases involving significant document production and electronic discovery, the parties must also include the process and procedure for "claw back" or "quick peek" agreements as contemplated by Fed. R. Evid. 502(d)-(e).

C. **Requests to Amend the Schedule.** The dates and times set in the Scheduling Order will not be modified except for good cause shown. Fed. R. Civ. P. 16(b)(4). Counsel are reminded of their duty of diligence and that they must "take all steps necessary to bring an action to readiness for trial." Civil Local Rule 16.1(b).

1. Any unopposed requests for extensions should be made by filing a Joint Motion. The motion must include a declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set in the order, and the specific reasons why deadlines cannot be met, as well as the specific discovery that has been conducted, and what specific discovery remains outstanding. The extension will not be granted absent good cause.

2. When a party seeks a modification of the schedule and the opposing party will not agree to the extension, counsel must promptly and jointly contact Judge Skomal's chambers and speak with the research attorney assigned to the case. If a party is unresponsive to a request jointly contact Judge Skomal's chambers, after 48 hours, counsel for the moving party is to contact chambers and the Court will issue a minute order setting a telephonic conference with the research attorney assigned to the case.

3. When any motion to extend time is made after time has expired, Fed. R. Civ. P. 6(b)(1)(B) requires the parties to address excusable neglect.

## IV.   DISCOVERY RESPONSIBILITIES

22-cv-00183-JO-BGS

The Parties are to strictly comply with the provisions of Fed. R. Civ. P. 26(g)(1-2). Failure to comply, without substantial justification, could result in sanctions as mandated by Rule 26(g)(3).

## V.   DISCOVERY DISPUTES

All discovery motions must comply with the following procedures.

A. **The Meet and Confer Requirement.** Counsel are to promptly meet and confer regarding all disputed issues. If counsel are located in the same county, you are required to meet and confer in person. If counsel are located in different counties, you are to meet and confer by phone or video conference. Under no circumstances will written communications satisfy the meet and confer requirement. Counsel must proceed with due diligence in scheduling and conducting an appropriate meet and confer conference as soon as a dispute arises. If a party is unresponsive to a request to meet and confer, after 48 hours, contact chambers and the Court will issue an order setting a telephonic conference with the research attorney assigned to the case.

B. **Failure to Resolve the Dispute.** If the parties have not resolved the dispute pertaining to Fed. R. Civ. P. 26 through 37 and Rule 45, through the meet and confer process, counsel for all interested parties must promptly and jointly contact Judge Skomal's chambers and speak with the research attorney assigned to the case. Counsel must be prepared to specifically and succinctly explain the dispute to the research attorney. Counsel must agree on the issue(s) in dispute prior to calling chambers. The research attorney will explain the issue to Judge Skomal. The Court will either set a further telephonic discovery conference or advise the parties to file a motion.

C. **The 30-Day Rule.** The Court will not rule on a discovery dispute that is brought to the Court's attention more than thirty (30) days after the date upon which the event giving rise to the dispute occurred absent a showing of good cause.

For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is service of the initial response or the time for such service if no response is given. A propounding party may grant a responding party up to a 30-day extension to respond to discovery requests. If the parties wish to extend a response deadline more than 30-days from the original deadline, they must JOINTLY call Judge Skomal's chambers and speak to the Research Attorney assigned to their case. Failure to do so will result in waiver of any potential dispute arising from those discovery requests.

**Be advised:** when parties are attempting to resolve disputes on their own without the need for Court intervention, the parties must call Judge Skomal's chambers and request that the 30-day deadline for bringing disputes to the Court's attention be tolled. If the parties do not alert the Court to the fact that they are attempting to resolve their dispute and the 30-day deadline passes, the Court will not rule on the dispute absent a showing of good cause.

If the parties thereafter informally resolve the dispute without court intervention during the tolled period, they must promptly notify the Court of this resolution.

22-cv-00183-JO-BGS

If the parties do not resolve the dispute informally, they must promptly and jointly contact the research attorney assigned to their case for further instructions. If the parties do not promptly and jointly advise the Court as required under this subsection, the 30-day deadline will be deemed to resume running at the time that the parties were required to notify the Court.

D. **Formal Discovery Motions.** If Judge Skomal requests that the parties file a discovery motion, the Court will advise the parties of the format for the motion. Under no circumstance may any party file any motion relating to Rule 26 through 37 and 45, ex parte or otherwise, without complying with the procedure set forth in these chambers rules re: discovery disputes.

E. **Disputes during Depositions.** If the dispute arises during a deposition regarding an issue of privilege, enforcement of a court-ordered limitation on evidence, or pursuant to Fed. R. Civ. P. 30(d), counsel should suspend the deposition and immediately meet and confer. If the dispute is not resolved after meeting and conferring, counsel may call Judge Skomal's chambers at (619) 557-2993 to potentially receive an immediate ruling on the dispute. If Judge Skomal is available, he will either rule on the dispute or give counsel further instructions on how to proceed. If Judge Skomal is unavailable, counsel must mark the deposition at the point of the dispute and continue with the deposition. Thereafter, counsel must further meet and confer regarding all disputed issues pursuant to the requirements of Civil Local Rules 16.5.k. and 26.1.a. If counsel have not resolved their disputes through the meet and confer process, they must proceed as noted in these chambers rules.

F. **Other Discovery not tolled.** Counsel may not stop conducting other discovery due to a dispute.

## VI.  PROTECTIVE ORDERS

A. All stipulated protective orders submitted to the Court must include the following provisions:

1. What the Court shall do with confidential or sealed documents after the case is closed (i.e., how the documents are to be disposed). The language should indicate whether the documents are to be destroyed or returned to the parties and the time frame in which to do either. Further, the Protective Order must state that any action by this Court must be preceded by an ex parte motion for an order authorizing the return of all Confidential and Attorneys' Eyes Only Material to the party that produced the information or the destruction thereof.

2. Modification of the Protective Order by the Court. The Protective Order shall state that the Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

3. Relation to any court or local rules. The Protective Order shall state that without separate court order, the Protective Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule

4. Filing documents under Seal. The Protective Order must include the language: No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel,

22-cv-00183-JO-BGS

and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

If an application to file a document under seal is granted by Judge Skomal, a redacted version of the document shall be e-filed. A courtesy copy of the unredacted document shall be delivered to Judge Skomal's chambers.

B.  All stipulated protective orders submitted to the Court must be filed as Joint Motion. Additionally, a proposed order must be submitted via email to efile_Skomal@casd.uscourts.gov. The proposed order must contain the full text of the stipulated protective order and be in Microsoft Word format. Please refer to Sections 2.f.4 and 2.h of the Court's Electronic Case Filing Administrative Policies and Procedures Manual for more information.

## VII.  GENERAL DECORUM

The Court expects all counsel and parties to be courteous, professional, and civil at all times to opposing counsel, parties, and the Court, including all court personnel. Professionalism and civility—in court appearances, communications with chambers, and written submissions—are of paramount importance to the Court. Personal attacks on counsel, parties, or court staff will not be tolerated under any circumstance. Inappropriate behavior will be subject to sanctions as provided in Civ. Local Rules 83.1 and 83.5.